Hill *v.* Mixter.

———

JOHN HILL *vs.* WILLIAM A. MIXTER.

If a creditor of a deceased person, whose executor has given bond, dies, the time within which his executor may bring an action against the executor of the debtor is not extended by the provisions of Gen. Sts. *c.* 155, § 10.

CONTRACT brought by the executor of Kittredge Hill against the executor of Nathan Rice, upon a promissory note for $1000 signed by the latter. It was agreed, in the superior court, that Rice died in July 1859, and his executor filed his bond on the 2d of August 1859; that Hill died in December 1859, and his executor filed his bond in January 1860; and that this action was commenced on the 24th of September 1861. *Rockwell*, J. ruled that the action could not be maintained, and directed the jury to return a verdict for the defendant, which they did. The plaintiff alleged exceptions.

*F. H. Dewey*, for the plaintiff.

*P. C. Bacon*, for the defendant.

MERRICK, J. This action was commenced more than two

years after the appointment of the defendant as executor of the
last will of Nathan Rice deceased, and after he had given bond
for the discharge of his trust, and after he had given the notice
required by law of his appointment.  It is not claimed that the
cause of action did not accrue within these two years, or that
any former action had been commenced and had failed by rea-
son of an insufficient service or return, or by any unavoidable
accident, or that assets had come into the hands of the defend-
ant after the expiration of said two years, which he had not
previously received and duly accounted for.  The action is
therefore barred by the provisions of Gen. Sts. *c.* 97, §§ 5–8.

But the plaintiff contends that the action may be maintained
under Gen. Sts. *c.* 155, § 10, which provide that if a person
entitled to bring or liable to any action of the class previously
mentioned in the same chapter shall die before the expiration of
the time therein limited, or within thirty days after the expira-
tion of the time of such limitation, and the cause of action sur-
vives, the action may be commenced by or against the executor
or administrator of the deceased person at any time within two
years after the grant of letters testamentary or of administration ;
and not afterwards, if otherwise barred by the other provisions
contained in the same chapter.  But this position cannot be
sustained upon a just construction of the statute.  Its provisions
are to be construed distributively in reference to the two distinct
cases or contingencies therein mentioned, namely, first, the death
of a person entitled to bring an action, and, secondly, the death
of a person liable to an action.  Thus, in the first place, if a
person entitled to bring an action shall die before his cause of
action is barred by the statute of limitations prescribed in that
chapter or within thirty days afterwards, his executor or adminis-
trator may maintain an action for the recovery of the claim or
damage, at any time within two years after he shall have been
duly appointed as executor or administrator; and secondly, if
the person liable to such action shall die before or within thirty
days after it has been barred by that statute, his executor or
administrator shall be liable thereto at any time within two
years after he shall have received letters testamentary or of

administration. So construed there is no conflict or inconsistency between the provisions in *c.* 155, § 10, and those contained in *c.* 97, § 5. But full effect will thereby be given to both.

*Exceptions overruled.*